IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| REALTY TRUST GROUP, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV22 |
| | ) | |
| v. | ) | |
| | ) | |
| SEARS HOLDINGS CORP., ALLIED WORLD ASSURANCE, LEXINGTON INSURANCE, UNITED STATES FIRE INSURANCE COMPANY, ACE AMERICAN INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, and CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, | ) ) ) ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) ) | |

This matter is before the court on the following motions: (1) motion of defendant Sears Holding Corporation ("Sears") to dismiss for lack of subject matter jurisdiction, Filing No. 18; (2) defendant Sears' motion to dismiss, or to transfer, based on lack of personal jurisdiction, Filing No. 15; motion of plaintiff Realty Trust Group ("RTG") to substitute party, Filing No. 26; and a joint stipulation of dismissal without prejudice filed by RTG and defendants Allied World Assurance, Lexington Insurance, United States Fire Insurance Company, Ace American Insurance, Continental Casualty Company, and Certain Underwriters at Lloyd's, London (hereinafter, collectively, "the insurance defendants"), Filing No. 38.

This is an action for breach of lease agreement seeking a declaration of rights, restitution, and damages from defendant Sears in connection with an agreement for the

lease of a building, site improvements, and real property in Long Beach, Mississippi, for a Kmart Store that was destroyed by Hurricane Katrina in August 2005.

## I. BACKGROUND

RTG alleges that its predecessor in interest entered into an agreement leasing certain property to defendant Sears, doing business as Kmart, or its predecessor in interest. RTG alleges Sears has breached the agreement by failing to pay rent and refusing to rebuild the damaged structure. RTG also alleges that the defendant insurance companies have wrongfully denied coverage for damage to the structure. *See* Filing No. 13, Second Amended Complaint.

The evidence presented to the court shows that Kmart sued RTG to preserve its rights under the lease agreement in Mississippi state court on January 20, 2006. *See* Filing No. 17, Index of Evid., Exhibit ("Ex.") 4. RTG removed that action to the United States District Court for the Southern District of Mississippi, where it is currently pending. *See Kmart v. Realty Trust Group*, No. 1:06-CV-73.2 ("the Mississippi Action"), Filing No. 1, Notice of Removal (S.D. Miss. Feb. 6, 2006). The present action was filed on January 18, 2006—two days before the Mississippi action was filed. Filing No. 1, Complaint. Both cases involve the same issues, that is, rights and responsibilities in connection with the lease of a Kmart store in Long Beach, Mississippi. *See* Mississippi Action, Filing No. 4 (S.D. Miss. Feb. 6, 2006). In the Mississippi case, RTG's motion to dismiss the action by reason of the pendency of this suit was denied. *Id.*, Filing No. 8. RTG has filed an answer and asserted a counterclaim against Kmart in that action. *Id.*, Filing No. 9.

In its Second Amended Complaint, RTG avers that it is a citizen of Delaware. Filing No. 26 at 1. The evidence shows Sears is incorporated in Delaware and has its principal place of business in Illinois. Filing No. 17, Index of Evidence, Ex. 2, Aff. of April Hanes-Dowd at 1. Sears is a holding company, which holds stock of other corporations. *Id.* at 1-2. It owns 100% of the stock of Kmart Holding Corporation, which in turn owns 100% of the stock of Kmart Corporation. *Id.* at 2. Sears Holding Corporation is affiliated with Sears Holdings Management Corporation, a jointly-owned subsidiary of Sears, Roebuck and Company and Kmart Corporation. *Id.* Sears Holding Corporation does not do business as Kmart Corporation. *Id.* at 1. Kmart Corporation is a party to the lease at issue. Filing No. 17, Ex. 3, Lease Agreement.

In support of its motion to add or substitute Kmart Corporation as defendant, RTG has shown that Kmart is incorporated in Michigan. Filing No. 29, Aff. of Douglas Ruge. RTG has also shown that Kmart Corporation does business in Nebraska. Filing No. 28 Aff. of Michael Marsh. Sears asserts that this court lacks subject matter jurisdiction over this action for the reason that there is not complete diversity of citizenship between the parties. In response to that assertion, RTG seeks to substitute Kmart Corporation for Sears Holdings Corporation as defendant. It asserts that the substitution, together with the dismissal, pursuant to stipulation, of the insurance defendants will result in complete diversity between the parties.

**II. DISCUSSION**

As a threshold matter, the court must address the issue of subject matter jurisdiction. "Whenever it appears by suggestion of the parties or otherwise that the court

3

lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).  A district court has authority to consider matters outside the pleadings when subject matter jurisdiction is challenged under Rule 12(b)(1).  *Harris v. P.A.M. Transport, Inc.*, 339 F.3d 635, 637, n.4 (8th Cir. 2003).  In such a challenge, this court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990).  No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the court from evaluating for itself the merits of jurisdictional claims.  *Id.*  The party invoking federal jurisdiction bears the burden of affirmatively pleading and proving subject matter jurisdiction.  *McNutt v. General Motors Acceptance Corp. of Indiana,* 298 U.S. 178, 189 (1936).  Accordingly, the plaintiff has the burden of proving that jurisdiction does in fact exist.  *Osborn,* 918 F.2d at 730.

Diversity jurisdiction exists where the amount in controversy exceeds $75,000.00 and where there is complete diversity of citizenship.  28 U.S.C. § 1332(a).  Complete diversity of citizenship exists where no defendants are citizens of a state where any plaintiff is a citizen.  *Capital Indemnity Corp. v. Russellville Steel Company, Inc.,* 367 F.3d 831, 835 (8th Cir. 2004).  A corporation is a citizen of the state in which it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).

Determination of citizenship for the purpose of diversity is a mixed question of law and fact.  *Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8th Cir. 2005).  Whether diversity of citizenship exists is determined at the time the suit is filed. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-71 (2004).  The time of filing rule "measures

4

all challenges to subject matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing." *Id.* at 571 (characterizing time-of-filing rule as hornbook law taught to first-year law students in any basic civil procedure course).

In certain cases, a jurisdictional defect can be cured by dismissal of a dispensable party that destroys jurisdiction. *Grupo Dataflux,* 541 U.S. at 571; *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 74 (1996) (both holding that dismissal of nondiverse defendant will cure initial jurisdictional defect). Rule 21 provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action on such terms as are just." Fed. R. Civ. P. 21. "It is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989).

That is not to say, however, that the court can confer jurisdiction that was not present at the outset by permitting addition or substitution of a party. *See Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 776 (5th Cir. 1986) (noting that "[j]urisdiction cannot be created retroactively by substituting a diverse claimant for a nondiverse party"). While a district court can "remedy inadequate jurisdictional allegations," it cannot remedy "defective jurisdictional facts." *Newman-Green*, 490 U.S. at 831, 832 n.5; *Iron Cloud v. Sullivan,* 984 F.2d 241, 243-44 (8th Cir. 1993); *see Whitmire v. Victus Ltd.,* 212 F.3d 885, 888 (5th Cir. 2000); *State Farm Mutual Automobile Ins. Co. v. Narvaez,* 149 F.3d 1269, 1272 (10th Cir. 1998) (rejecting attempts to add new claims to satisfy the amount in controversy necessary for diversity jurisdiction); *Mills v. State of Maine*, 118 F.3d 37, 53-54 (1st Cir.1997) (denying

motion to add new parties to case to preserve a federal forum); 4 James Wm. Moore, et al, Moore's Federal Practice § 15.14 at 15-34 (3d ed. 1999) ("Essentially, a plaintiff may correct the complaint to show that jurisdiction does in fact exist; however, if there is no federal jurisdiction, it may not be created by amendment."). A court should not dismiss an action based solely on a technical error in jurisdictional pleading. *See, e.g., District of Columbia ex rel. American Combustion, Inc. v. Transamerica Ins. Co.,* 797 F.2d 1041, 1044 (D.C. Cir. 1986) (holding that failure to initially plead elements necessary to show diversity does not in and of itself deprive court of jurisdiction if record supports diversity).

In the present case, there is no evidence that complete diversity was in fact present at the inception of this action. Although Kmart Corporation may be a subsidiary of Sears Holdings Corporation, plaintiff has presented nothing suggesting that the two entities are somehow interchangeable for purposes of this suit, or that one is liable for the acts or omissions of the other. There is no evidence that the two corporations were a single economic entity. Allowing the plaintiff to add a new and different party to the litigation is more than a technical correction. Under the circumstances, allowing substitution of parties would not cure the jurisdictional defect.

The evidence presented to the court shows that there was no complete diversity among all plaintiffs and defendants at the inception of this action. RTG, a citizen of the state of Delaware, brought this action against Sears Holding Corporation, also a citizen of the state of Delaware. This court accordingly had no subject matter jurisdiction over the action. If a federal court lacks subject matter jurisdiction, it must dismiss the action. Fed.

R. Civ. P. 12(h)(3). The court is without jurisdiction to consider the other motions. Accordingly,

IT IS HEREBY ORDERED:

1. Defendant Sears Holding Corporation's motion to dismiss for lack of subject matter jurisdiction (Filing No. 18) is granted.

2. Defendant Sears' motion to dismiss, or to transfer, based on lack of personal jurisdiction (Filing No. 15), plaintiff Realty Trust Group's ("RTG's") motion to substitute party (Filing No. 26), and the joint stipulation of dismissal without prejudice filed by RTG and defendants Allied World Assurance, Lexington Insurance, United States Fire Insurance Company, Ace American Insurance, Continental Casualty Company, and Certain Underwriters at Lloyd's, London (Filing No. 38) are denied for lack of subject matter jurisdiction.

DATED this 17th day of May, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge